JOHN C. GRAHAM *vs.* CHAPLIN VIRGIN and others.

Oxford. Opinion August 5, 1886.

*Mills and mill-dams. Flowage. Practice.*

Where an owner of land conveyed to another a mill and a limited water supply therefor, the conveyance restricting the grantee's right of flowage over the grantor's other land to an extent that would ensue from a dam, at the mill, only four feet high, such grantee is not thereby debarred from attempting to obtain a higher flowage under the flowage act; and, for raising the head of water higher than the deed prescribes, the grantor's remedy in the first instance is under the flowage act, and not by suit at common law.

An action of the case for flowing the plaintiff's meadow on a stream not navigable. The verdict being for the plaintiff, the defendant alleged exceptions to the instruction stated in the opinion.

*David Hammons,* for the plaintiff.

We say that no complaint for flowing could be sustained, and that the present is the only proper action. Where the verdict of a jury in complaint under the mill act has been violated or disregarded an action at common law will lie. *Hill* v. *Sayles,* 4 Cush. 549 ; *same* v. *same,* 12 Met. 142 ; *Fiske* v. *Framingham Manuf'g Co.* 12 Pick. 68, see also 17 Mass. 76.

Both parties had full notice of the provisions in each deed at the time of their execution. By the acceptance of these deeds from Mrs. Moore to Graham and to Hoyt, did they not assent and agree to the stipulations or provisions contained in each of the two deeds? We think, yes.

Each party in this case went into immediate possession and so continued for twenty-five years up to the date of this writ. Hoyt, and grantees of the mill, and Graham, of his farm. The exceptions so state. 26 Maine, 224; 5 Pick. 135; 7 Pick. 111.

The conveyance of a mill will carry the land on which it is situated, unless the language of the deed shows a different intent, but if it shows an intent not to include the land it will not. *Blake* v. *Clark*, 6 Glf. 436 ; *Moore* v. *Fletcher*, 16 Maine, 63 ; *Farrar* v. *Cooper*, 34 Maine, 397.

*A. E. Herrick* with *J. P. Swasey*, for the defendants, cited : *Moore* v. *Fletcher*, 16 Maine, 63 ; *Baker* v. *Bessey*, 73 Maine, 479 ; *Dingley* v. *Gardiner*, 73 Maine, 65.

PETERS, C. J. The parties to this action respectively hold certain rights in real estate under a common grantor. That grantor, Clementine Moore, conveyed to the plaintiff a farm upon which were a meadow and mill, excepting from the conveyance the mill and privilege ; the deed containing a clause, for the benefit of the grantee, that the water was "not to be raised over four feet at the mill after the first of June till after the first day of September of each year."

On the same day, the grantor conveyed to another party, under whom the defendants hold, the mill and privilege that are excepted from the land conveyed to the plaintiff, the latter deed containing this stipulation : " Between the first day of June and the first day of September in each year the water at the mill is not to be raised over four feet."

The question of the case is, whether a common law action lies against the defendants for raising their dam so as to flow more than the four feet, or whether the plaintiff's remedy for such injury to his meadow is under the flowage act. The instruction was given, that, if the original grantees, in the two deeds, received their conveyances and entered into possession of the properties, at the same time, an agreement exists, as between the grantees and their successors, by which the height of the water can be maintained at four feet only, and that an action of case may be

maintained for any injury to the plaintiff's meadow caused by additional flowage. We think the ruling was erroneous.

There is no doubt that the defendants were unauthorized by the deed to more flowage than four feet. They are estopped from claiming a greater measure than that for the consideration paid by their grantor for the mill and privilege. They can create no additional flowage without additional compensation. But we fail to perceive any either express or implied covenant in the deeds that will prevent the mill-owners getting a greater privilege in some other way. They have made no promise that they will never purchase any, or that they will not take more under the flowage act. There is no agreement that the premises shall never be otherwise occupied than as stipulated in the deeds. The plaintiff contends that as the parties to the deeds once agreed what the flowage should be, an action lies for a disturbance of their right, in the same way that an action of case is provided by the flowage act for the disturbance of rights fixed under that act. But there is the fallacy. The agreement establishes the amount of flowage which the party is entitled to under his deed — for the consideration paid for the deed. The defendants now seek the right of a further water-height under the flowage act, and the plaintiff should have pursued his remedy under the statutory proceeding, in which it can be determined whether the defendants shall be permitted to obtain a more liberal flowage by paying for it, and, if so, to what extent. Had the defendants' predecessors purchased the mill without any right of flowage, it would hardly be pretended that they were debarred from attempting to obtain such right, by means of the flowage act. There can be no difference in principle, whether the mill was purchased with no right of flowage, or with not enough.

*Exceptions sustained.*

WALTON, LIBBEY, EMERY and HASKELL, JJ., concurred.
VIRGIN, J., did not sit.